**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| loanDepot.com, LLC | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**211 Dublin Road, South Thomaston, ME**<br>**04858** |
| **Gregory V. Demuth** | **Mortgage:**<br>**April 20, 2018**<br>**Book 5286, Page 279**<br>**Knox County Registry of Deeds** |
| **Defendant** | |

NOW COMES the Plaintiff, loanDepot.com, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Gregory V. Demuth, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by loanDepot.com, LLC, in which the Defendant, Gregory V. Demuth, is the obligor and the

total amount owed under the terms of the Note is One Hundred Forty-Five Thousand Forty-One and 37/100 ($145,041.37) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. loanDepot.com, LLC is a Delaware Limited Liability Company with its principal place of business located at 6531 Irvine Center Drive, Suite 100, Irvine, CA 92618 whose sole member is LoanDepot, Inc. incorporated in Delaware with a principal/main place of business in California so for the purpose of jurisdiction is a resident of Delaware and California.

5. The Defendant, Gregory V. Demuth, is a resident of South Thomaston, County of Knox and State of Maine.

## FACTS

6. On June 2, 2014, by virtue of a Release Deed from Marilyn A. Widdecombe, Debra L. Beattie, Douglas Demuth, and Alan J. Demuth, which is recorded in the Knox County Registry of Deeds in **Book 4826, Page 89**, the property situated at 211 Dublin Road, City/Town of South Thomaston, County of Knox, and State of Maine, was conveyed to Gregory V. Demuth, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On April 20, 2018, Defendant, Gregory V. Demuth, executed and delivered to loanDepot.com, LLC a certain Note under seal in the amount of $167,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on April 20, 2018, Defendant, Gregory V. Demuth, executed a Mortgage Deed in favor of loanDepot.com, LLC, securing the property located at 211 Dublin Road, South Thomaston, ME 04858 which Mortgage Deed is recorded in the Knox County Registry of Deeds in **Book 5286**, **Page 279**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Mortgage Electronic Registration Systems, Inc. by virtue of an Assignment of Mortgage dated April 20, 2018, and recorded in the Knox County Registry of Deeds in **Book 5286**, **Page 302**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to loanDepot.com, LLC by virtue of an Assignment of Mortgage dated May 5, 2026, and recorded in the Knox County Registry of Deeds in **Book 6343**, **Page 147**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On March 18, 2026, the Defendant, Gregory V. Demuth, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the records of the United States Postal Service (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendant, Gregory V. Demuth, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

13. The Defendant, Gregory V. Demuth, failed to cure the default prior to the expiration of the Demand Letter.

14. The Plaintiff, loanDepot.com, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. The Plaintiff, loanDepot.com, LLC, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

16. The Plaintiff, loanDepot.com, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

17. The total debt owed under the Note and Mortgage as of August 1, 2026, is One Hundred Forty-Five Thousand Forty-One and 37/100 ($145,041.37) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $140,196.05 |
| Interest | $3,492.03 |
| Unpaid Late Charges | $164.30 |
| Recoverable Corporate Advance Balance | $141.54 |
| Escrow/Impound Overdraft | $1,047.45 |
| Grand Total | $145,041.37 |

18. Upon information and belief, the Defendant, Gregory V. Demuth, is presently in possession of the subject property originally secured by the Mortgage.

<u>COUNT I – FORECLOSURE AND SALE</u>

19. The Plaintiff, loanDepot.com, LLC, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 211 Dublin Road, South Thomaston, County of Knox, and State of Maine. *See* Exhibit A.

21. The Plaintiff, loanDepot.com, LLC, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, loanDepot.com, LLC, has the right to foreclosure and sale upon the subject property.

22. The Plaintiff, loanDepot.com, LLC, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

23. The Defendant, Gregory V. Demuth, is presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2026, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

24. The total debt owed under the Note and Mortgage as of August 1, 2026, is One Hundred Forty-Five Thousand Forty-One and 37/100 ($145,041.37) Dollars.

25. The record established through the Knox County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendant, Gregory V. Demuth's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

27. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Gregory V. Demuth, on March 18, 2026, evidenced by the records of the United States Postal Service. *See* Exhibit F.

28. The Defendant, Gregory V. Demuth, is not in the Military as evidenced by the attached Exhibit G.

29. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, loanDepot.com, LLC, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On April 20, 2018, the Defendant, Gregory V. Demuth, executed under seal and delivered to loanDepot.com, LLC a certain Note in the amount of $167,000.00.  *See* Exhibit B.

32. The Defendant, Gregory V. Demuth, is in default for failure to properly tender the February 1, 2026, payment and all subsequent payments.  *See* Exhibit F.

33. The Plaintiff, loanDepot.com, LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Gregory V. Demuth.

34. The Defendant, Gregory V. Demuth, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

35. The Defendant, Gregory V. Demuth's, breach is knowing, willful, and continuing.

36. The Defendant, Gregory V. Demuth's, breach has caused Plaintiff, loanDepot.com, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of August 1, 2026, if no payments are made, is One Hundred Forty-Five Thousand Forty-One and 37/100 ($145,041.37) Dollars.

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

39. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, loanDepot.com, LLC, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Gregory V. Demuth, entered into a written contract with loanDepot.com, LLC, who agreed to loan the amount of $167,000.00 to the Defendant. *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Gregory V. Demuth, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, loanDepot.com, LLC, is the proper holder of the Note and successor-in-interest to loanDepot.com, LLC, and has performed its obligations under the Note and Mortgage.

44. The Defendant, Gregory V. Demuth, breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2026, payment and all subsequent payments. *See* Exhibit F.

45. The Plaintiff, loanDepot.com, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Gregory V. Demuth.

46. The Defendant, Gregory V. Demuth, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Gregory V. Demuth, is indebted to loanDepot.com, LLC, in the sum of One Hundred Forty-Five Thousand Forty-One and 37/100 ($145,041.37) Dollars, for money lent by the Plaintiff, loanDepot.com, LLC, to the Defendant.

48. Defendant, Gregory V. Demuth's, breach is knowing, willful, and continuing.

49. Defendant, Gregory V. Demuth's, breach has caused Plaintiff, loanDepot.com, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of August 1, 2026, if no payments are made, is One Hundred Forty-Five Thousand Forty-One and 37/100 ($145,041.37) Dollars.

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

52. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

53. The Plaintiff, loanDepot.com, LLC, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. loanDepot.com, LLC, predecessor-in-interest to loanDepot.com, LLC, loaned the Defendant, Gregory V. Demuth, $167,000.00.  *See* Exhibit B.

55. The Defendant, Gregory V. Demuth, has failed to repay the loan obligation.

56. As a result, the Defendant, Gregory V. Demuth, has been unjustly enriched to the detriment of the Plaintiff, loanDepot.com, LLC as successor-in-interest to loanDepot.com, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

57. As such, the Plaintiff, loanDepot.com, LLC, is entitled to relief.

58. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, loanDepot.com, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, loanDepot.com, LLC, upon the expiration of the period of redemption;

d) Find that the Defendant, Gregory V. Demuth, is in breach of the Note by failing to make payment due as of February 1, 2026, and all subsequent payments;

e) Find that the Defendant, Gregory V. Demuth, is in breach of the Mortgage by failing to make payment due as of February 1, 2026, and all subsequent payments;

f) Find that the Defendant, Gregory V. Demuth, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Gregory V. Demuth, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2026, and all subsequent payments;

h) Find that the Plaintiff, loanDepot.com, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Gregory V. Demuth has been unjustly enriched at the Plaintiff's expense;

j)  Find that such unjust enrichment entitles the Plaintiff, loanDepot.com, LLC, to restitution;

k)  Find that the Defendant, Gregory V. Demuth, is liable to the Plaintiff, loanDepot.com, LLC, for money had and received;

l)  Find that the Defendant, Gregory V. Demuth, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Gregory V. Demuth, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, loanDepot.com, LLC, is entitled to restitution for this benefit from the Defendant, Gregory V. Demuth;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendant, Gregory V. Demuth, and in favor of the Plaintiff, loanDepot.com, LLC, in the amount of One Hundred Forty-Five Thousand Forty-One and 37/100 ($145,041.37 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
loanDepot.com, LLC,
By its attorneys,

Dated:  August 4, 2026

<u>/s/Reneau J. Longoria, Esq.</u>
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com